# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **LakeSouth Holdings, LLC,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | Civil Action No. _____ | |
| v. § | | |
| § | | |
| **Lowe's Companies, Inc., Lowe's Home** § | Jury Trial Demanded | |
| **Centers, LLC, and LG Sourcing, Inc.,** § | | |
| § | | |
| *Defendants*. § | | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff LakeSouth Holdings, LLC and files this Original Complaint for patent infringement against Lowe's Companies Inc., Lowe's Home Centers, LLC, and LG Sourcing, Inc., and alleges as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff **LakeSouth Holdings, LLC ("Plaintiff" or "LakeSouth")** is a Delaware limited liability company with its principal place of business located at P.O. Box 93883, Southlake, Texas 76092, which is in the Northern District of Texas.

3. Defendant **Lowe's Companies, Inc. ("LCI")** is a North Carolina corporation with its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697-2231. LCI is registered to do business in Texas and may be served via its registered

agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant **Lowe's Home Centers, LLC. ("LHC")** is a North Carolina limited liability company with its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697-2231. LHC is registered to do business in Texas and may be served via its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5. On information and belief, Defendant **LG Sourcing, Inc. ("LGS")** is a North Carolina corporation with its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697-2231. LGS is a wholly-owned subsidiary of LCI.

6. Unless otherwise noted, Defendants LCI, LHC, and LGS are hereinafter collectively referred to as "**Defendants**" or "**Lowe's**" in this complaint.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

8. Upon information and belief, Lowe's, directly and/or through subsidiaries, agents, representatives, or intermediaries (including distributors, retailers, and others), has transacted business in this district and has committed acts of patent infringement in this District. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

9. Upon information and belief, Lowe's has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein;

(ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.  Thus, Lowe's is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute.  Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).

## THE PATENTS AT ISSUE

10. Mr. Gregory G. Kuelbs is a Texas resident and a prolific inventor.  Mr. Kuelbs is a named inventor on more than 40 patents.  Mr. Kuelbs lives in Westlake, Texas, which is in the Northern District of Texas.

11. This cause of action asserts infringement of United States Patent No. 6,612,713 ("the '713 Patent") and United States Patent No. 8,794,781 ("the '781 Patent") (collectively, "the Asserted Patents").

12. The '781 Patent, entitled "Umbrella Apparatus," duly and legally issued on August 5, 2014, from U.S. Patent Application No. 10/650,537, filed on August 28, 2003, naming as inventor Mr. Kuelbs.  A true and correct copy of the '781 Patent is attached hereto as **Exhibit A** and is incorporated by reference.

13. The '713 Patent, entitled "Umbrella Apparatus," duly and legally issued on September 2, 2003, from U.S. Application No. 10/068,424, filed on February 7, 2002, naming as inventor Mr. Kuelbs.  After an *inter partes* reexamination proceeding, the U.S. Patent and Trademark Office issued a reexamination certificate on September 23, 2013.  A true and correct copy of the '713 Patent is attached hereto as **Exhibit B** and is incorporated by reference.  A true

and correct copy of the reexamination certificate is attached as **Exhibit C** and is incorporated by reference.

14. Lowe's has not obtained a license to the Asserted Patents.

15. Lowe's does not have LakeSouth's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of the Asserted Patents.

16. Multiple companies, in and outside the context of litigation, have obtained patent licenses to the '713 Patent and '781 Patent. The licensees have supplied and/or are supplying solar-powered outdoor and patio umbrellas, licensed under the Asserted Patents, to major retailers such as Home Depot, Target.com, Wal-Mart, Sears, and Bed Bath & Beyond.

17. Lowe's needs to obtain a license to the Asserted Patents and cease its ongoing infringement of LakeSouth's patent rights.

18. The '713 Patent has been recently litigated in the Northern District of Texas. On August 10, 2015 in the *LakeSouth Holdings, LLC v. Ace Evert, Inc., et al.*, No. 3:14-cv-1348 (N.D. Texas) case, the Court issued a claim construction order construing various claims terms of the '713 Patent. A true and correct copy of the claim construction order (Dkt No. 95) is attached hereto as **Exhibit D.**

19. Plaintiff LakeSouth is the owner and assignee of all rights, title, and interest in and under the '713 Patent and '781 Patent.

20. LakeSouth has standing to sue for infringement of the '713 Patent and the '781 Patent.

21. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, LakeSouth and all predecessors in interest to the '713 Patent and '781 Patent complied with any such requirements.

## **GENERAL ALLEGATIONS**

22. Upon information and belief, Lowe's purchases various patio and outdoor solar-powered umbrellas that it uses, offers to sell, sells, distributes, and/or imports in the United States. Among these solar-powered umbrellas are umbrellas marketed under the "Allen + Roth" brand name. "Allen + Roth" is a Lowe's brand.

23. Lowe's uses, has used, offers to sell, has offered to sell, sells, has sold, imports, and/or has imported solar-powered umbrellas that include lights and a solar panel. These umbrellas infringe one or more claims of the Asserted Patents and include without limitation the **"Allen + Roth Patio Umbrella" (Item No. 740200; Model No. 8921)** and all current and prior reasonably similar solar-powered umbrellas having the same or equivalent functions and features to the extent relevant to the claims of the Asserted Patents ("the Accused Umbrellas").

24. The Accused Umbrellas are and have been sold, offered for sale, and/or marketed by Lowe's through its website at www.lowes.com and www.lowesforpros.com, the Lowe's mobile application for phone and tablet devices, and/or Lowe's retail stores, including stores in the Northern District of Texas.

25. Among the Accused Umbrellas that Lowe's uses, offers for sale, sells, and/or imports are, without limitation, the **"Allen + Roth Patio Umbrella"** (including any and all, current and prior, reasonably similar solar-powered umbrellas having the same or equivalent functions and features and/or that are or were named or identified as Item No. 740200; Model No. 8921). This umbrella is pictured and described on Lowe's online store as shown in Figures 1 and 2 below.



**Figure 1 – "Allen + Roth Patio Umbrella" (Item No. 740200; Model No. 8921) at http://www.lowes.com/pd_740200-53657-8921_0__?productId=999909335&Ntt=**



**Figure 2 – "Allen + Roth Patio Umbrella" (Item No. 740200; Model No. 8921) at http://www.lowes.com/pd_740200-53657-8921_0__?productId=999909335&Ntt=**

26. The **"Allen + Roth Patio Umbrella" (Item No. 740200; Model No. 8921)** consists of at least an umbrella canopy with multiple rib members, umbrella pole, crank system, solar rechargeable power unit, and LED (light emitting diodes) lighting system. Specifically, the umbrella has the following:

  a. The umbrella canopy has at least a fabric canopy material and multiple rib members that extend radially. The umbrella canopy is connected to the umbrella pole via a hinge. Each rib member has a recessed channel running along its length through which runs the electrical wires leading to and from the LED lights.

b.  The umbrella pole is intended to be used with a base support that acts a support structure for the pole, including but not limited to a table, the ground, or other support structure adapted to receive the pole.

c.  The crank system consists of a crank housing and a crank. The crank housing is coupled to the umbrella pole. The crank is attached to and external to the crank housing. Turning the crank will open and close the umbrella canopy.

d.  The solar rechargeable power unit collects solar energy, converts the solar energy to electrical energy, stores the electrical energy via a rechargeable electrical power system, and transmits power to the umbrella's lighting system. The power unit has a discus-shaped housing. It is located above the umbrella canopy and above the umbrella pole. The power unit is detachable from the pole. The power unit has at least a solar cell, rechargeable batteries, a circuit board, and related electrical wiring. The power unit has an upper portion housing a solar energy system and a lower portion housing a rechargeable electrical power system. The upper portion of the power unit contains a solar cell that collects and converts solar energy into electrical energy. The lower portion of the power unit contains a rechargeable electrical power system consisting of rechargeable batteries, circuit board, and related electrical wiring. The solar cell is electrically connected via wires to the rechargeable electrical power system such that solar energy collected and converted into electrical energy recharges the rechargeable electrical power system. The lower portion of the power unit also has a power wire jack whereby, when a power wire is inserted, power is transmitted from the power unit to the LED lights mounted on the rib members.

e. The lighting system consists of multiple LED lights that are electrically connected to the power unit and mounted on each of the rib members of the umbrella canopy. Each LED light that is mounted on a rib member has a smooth translucent cover and is partially recessed within the corresponding rib member. The electrical wires leading to and from the LED lights are fully recessed within each corresponding rib member. The LED lights are electrically connected to the rechargeable electrical power system of the power unit.

27. Further discovery may reveal additional infringing products and/or models.

28. Upon information and belief, the Accused Umbrellas are offered for sale and sold within the Northern District of Texas.

29. Lowe's has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, directly, and/or through subsidiaries or intermediaries, one or more claims of the Asserted Patents including at least Claim 2 of the '713 Patent and Claim 1 of the '781 Patent by using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Accused Umbrellas.

30. Lowe's customers have infringed and continue to infringe the '713 Patent and the '781 Patent by using the Accused Umbrellas purchased from Lowe's. Through its retail stores, online store, phone and tablet applications, product manuals, sales and marketing activities, Lowe's solicits, instructs, encourages, and aids and abets its customers to purchase and use the Accused Umbrellas, including to use the Accused Umbrellas with a base support.

31. Lowe's customers infringe the '713 Patent by using the Accused Umbrellas in combination with a base support including but not limited to an umbrella base, table, or the ground to support positioning the Accused Umbrellas in an upright position. The Accused

Umbrellas constitute a material part of the combination, and Lowe's has known and still knows its Accused Umbrellas are especially designed, made and/or adapted for use in a way that infringes one or more claims of the '713 Patent.

32. Further, Lowe's Accused Umbrellas are not a staple article or commodity of commerce suitable for substantial noninfringing uses. For example, the Accused Umbrellas are umbrellas, designed to be used as umbrellas, and have no substantial noninfringing use as something other than an umbrella. Lowe's has not advertised, marketed, promoted, or represented the Accused Umbrellas as having any use other than as umbrellas.

33. On information and belief, Lowe's actions have been with specific intent to cause infringement or Lowe's has been willfully blind to the resulting infringement because Lowe's has had actual knowledge of the '713 Patent and/or the '781 Patent and knowledge that its acts were inducing infringement of the Asserted Patents since before the filing of this action.

34. Lowe's direct and indirect infringement of the '713 Patent and the '781 Patent has been willful.

35. On information and belief, Lowe's has known about World Factory, Inc. ("World Factory"), the original assignee and now a non-exclusive licensee of the Asserted Patents, since at least as early as 2012.

36. As of 2012, World Factory was one of Lowe's import vendors and had supplied various products to Lowe's.

37. On December 3, 2014, World Factory's representatives met in person with Lowe's Seasonal Living Merchandise Manager, Judy Cannon, and Senior Specialist Product Design, Donald Works.

38.     At the December 3, 2014 meeting, World Factory informed Lowe's about World Factory's interest in supplying Lowe's with solar umbrellas for Lowe's to re-sell.

39.     At the December 3, 2014 meeting, World Factory informed Lowe's about World Factory's utility patents, which at the time included the '713 Patent and '781 Patent, and about World Factory's patented solar umbrellas.

40.     In December 2014, World Factory provided Lowe's with several samples of its patented solar umbrellas for Lowe's to inspect.

41.     At the December 3, 2014 meeting, World Factory provided Lowe's representatives with World Factory's sales menu depicted in Figures 3 and 4 which follow:



**Figure 3 – World Factory, Inc.'s Sales Menu, 2014**



**Figure 4 – World Factory, Inc.'s Sales Menu, 2014**

42. The World Factory sales menu stated "U.S. Patent Office Confirms World Factory Solar Umbrella Patent" and also listed the full patent number of the '713 Patent.

43. The World Factory sales menu showed the title of the '713 Patent as being "Umbrella Apparatus," the full patent number as being 6,612,713, the inventor as being Gregory G. Kuelbs, and the assignee as being World Factory, Inc.

44. The World Factory sales menu stated that World Factory had "three other solar umbrella patents."

45. The '781 Patent was among World Factory's solar umbrella patents as of December 2014.

46. On December 5, 2014, World Factory sent an email to Lowe's representatives, Ms. Cannon and Mr. Works, about World Factory's Patented Solar Umbrella Program.

47. After the December 3, 2014 meeting with World Factory, after learning of the '713 Patent, after obtaining the World Factory sales menu, and after receiving samples of World

Factory's solar umbrellas, Lowe's used, sold, offered to sell, and/or imported the Accused Umbrellas, which were supplied by vendors other than World Factory.

48. After the December 3, 2014 meeting with World Factory, Lowe's chose not to use World Factory as a vendor of solar umbrellas and has not obtained a patent license to the '713 Patent or the '781 Patent from World Factory or from LakeSouth, the current owner of the Asserted Patents.

49. Lowe's had knowledge of the '713 Patent before the filing of this action.

50. Lowe's had knowledge of the the '781 Patent before the filing of this action.

51. Despite its knowledge of the '713 Patent and the '781 Patent, Lowe's has used, sold, offered for sale, and/or imported into the United States products covered by one or more claims of the Asserted Patents, including the Accused Umbrellas. Lowe's infringement of the Asserted Patents has been willful and intentional because it has continued its acts of infringement with knowledge of the Asserted Patents and despite an objectively high likelihood its actions constituted infringement of a valid patent.

52. LakeSouth has been and continues to be damaged as a result of Lowe's infringing conduct. Lowe's is therefore liable to LakeSouth in an amount that adequately compensates LakeSouth for Lowe's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

53. Lowe's failed to obtain permission from LakeSouth to use, make, offer to sell, sell, or import products incorporating the inventions claimed in the Asserted Patents.

54. For each count of infringement listed below, LakeSouth incorporates and realleges the allegations contained in the preceding paragraphs above including these General Allegations as if fully set forth in each count of infringement.

## Count I – INFRINGEMENT OF THE '781 PATENT

55. Lowe's has been and is now directly infringing the '781 Patent in violation of 35 U.S.C. § 271(a) by using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claim 1 of the '781 Patent, including but not limited to the Accused Umbrellas. Lowe's direct infringement of the '781 Patent is willful.

56. In addition, Lowe's has been and is now indirectly infringing the '781 Patent in violation of 35 U.S.C. § 271(b) by actively inducing its customers to directly infringe the '781 Patent. For example, Lowe's sells the Accused Umbrellas to its customers for the express purpose of having its customers use the Accused Umbrellas in violation of 35 U.S.C. § 271(a). Through its retail stores, online store, phone and tablet applications, product manuals, and/or sales and marketing activities, Lowe's solicits, instructs, aids and abets, and encourages its customers to purchase and use the Accused Umbrellas. Lowe's inducement of infringement of the '781 Patent is willful.

57. On information and belief, Lowe's has known about the '781 Patent since at least as early as December 3, 2014. Lowe's acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Lowe's was aware that its actions would cause infringement of the '781 Patent and acted with intent to encourage direct infringement of the '781 Patent.

58. As a result of Lowe's infringement of the '781 Patent, LakeSouth has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## Count II – INFRINGEMENT OF THE '713 PATENT

59. Lowe's has been and is now indirectly infringing the '713 Patent in violation of 35 U.S.C. § 271(b) by actively inducing its customers to directly infringe the '713 Patent including at least Claim 2 of the '713 Patent. For example, Lowe's sells the Accused Umbrellas to its customers for the express purpose of having its customers use the Accused Umbrellas in violation of 35 U.S.C. § 271(b). Through its retail stores, online store, phone and tablet applications, product manuals, and/or sales and marketing activities, Lowe's solicits, instructs, aids and abets, and encourages its customers to purchase and use the Accused Umbrellas, including to use the Accused Umbrellas with a base support and/or umbrella base. Lowe's inducement of infringement of the '713 Patent is willful.

60. On information and belief, Lowe's has known about the '713 Patent since at least as early as December 3, 2014. Lowe's acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Lowe's was aware that its actions would cause infringement of the '713 Patent and acted with intent to encourage direct infringement of the '713 Patent.

61. In addition to and/or in the alternative, Lowe's has been and is now contributorily infringing the '713 Patent, including at least Claim 2 of the '713 Patent, in violation of 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States the Accused Umbrellas, which are a component of a patented machine, manufacture, combination, or composition, the Accused Umbrellas constituting a material part of the invention, and Lowe's knowing the same to be especially made or especially adapted for use in a manner that infringes one or more claims of the '713 Patent. Further, the Accused Umbrellas are not a staple article or

commodity of commerce suitable for substantial noninfringing use. Lowe's contributory infringement of the '713 Patent is willful.

62. As a result of Lowe's infringement of the '713 Patent, LakeSouth has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LakeSouth demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

64. WHEREFORE, LakeSouth respectfully requests that this Court enter judgment in its favor and grant the following relief:

65. A judgment that Lowe's has directly infringed one or more claims of the '781 Patent;

66. A judgment that Lowe's has indirectly infringed one or more claims of the '713 Patent and '781 Patent;

67. A judgment that Lowe's direct and indirect infringement of one or more claims of each of the Asserted Patents is willful;

68. A judgment and order requiring Lowe's to pay LakeSouth past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

69. A judgment and order finding that this is an exceptional case and awarding LakeSouth its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

70. A judgment and order requiring Lowe's to pay LakeSouth reasonable ongoing royalties on a going-forward basis after final judgment;

71. A judgment and order requiring Lowe's to pay LakeSouth pre-judgment and post-judgment interest on the damages award;

72. A judgment and order requiring Lowe's to pay LakeSouth's costs; and

73. Such other and further relief as the Court may deem just and proper.

Dated: April 15, 2016

Respectfully submitted,

_[signature]_

**ERIC M. ALBRITTON, ATTORNEY-IN-CHARGE**
STATE BAR NO. 00790215
**SHAWN A. LATCHFORD**
STATE BAR NO. 24066603
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com
sal@emafirm.com

**EDWARD CHIN**
STATE BAR NO. 50511688
**ANTHONY K. BRUSTER, OF COUNSEL**
STATE BAR NO. 24036280
**ALBRITTON LAW FIRM**
1330 North White Chapel Blvd. Suite 100
Southlake, Texas 76092
817.251.0610 (telephone)
903.758.7397 (facsimile)
ekc@emafirm.com
akb@emafirm.com

**COUNSEL FOR PLAINTIFF LAKESOUTH HOLDINGS, LLC**